I'll issue to the clerk to call the next case. Counsel, you may proceed. May it please the court. My name is Jason Hawk. I'm here on behalf of the plaintiff appellant, Justin O'Neil. And good morning to all of you. At the core of the dispute today are the principles of statutory construction, as well as amendments made to the Illinois Workers' Compensation Act. But if we take a step back, what it's really about is fairness, creating a level playing field, and holding parties accountable for their actions. Are those things part of a statutory construction analysis that you just mentioned? No, I'm giving you the 30,000-view look of what the overall... Well, what you've got to do is convince us what's wrong with Hollywood, exactly. 8.7J to start. 8.7J, and that was not in effect when Hollywood was decided? Are you sure about that? It was. However, it didn't go into effect for medical treatment that was proposed on... It did not apply to medical treatment that was proposed prior to September 1, 2011. Hollywood, all of the bad behavior that took place in Hollywood was 2007. So it was a different act. Where does this amendment specify that it speaks to the denial of medical treatment? I'll quote from it for you. The terms were paged in the brief the statute is. I believe it's on page 17. 17, and we'll follow it with you. When an employer... I'm sorry, I'll let you find it. It's not on 17. The indented... Oh, the indented. I'm sorry. No, I'm sorry. It's indented, right? Blocked out? I'm on the wrong page. I'm on the wrong page. Good. So 8.7J starts out with when an employer denies payment of or refuses to authorize a payment of... And then it goes on to describe... Okay, now I have a question because I don't want to go too far. Refuses to authorize has an object, and what is the object in that sentence? The payment. The payment, okay. And are we dealing with payment? I think if we're not dealing with payment... Okay, I'm trying to make this real simple. I'm a simple guy. The object is payment. You're wanting to argue that authorized... You want to substitute payment for treatment, is that correct? Yes, the easiest way... But this is a statute that says payment. What the legislature is saying is that when a doctor prescribes treatment, he calls the insurance company. What is the insurance company's role? Paying for those services that he wants to provide. The authorization that they give, sure, it's for payment. But in reality, it's for that treatment to move forward at the same time. In this context, those words are synonymous. As Justice Holdred, as you pointed out in the dissent in Hollywood Casino... I knew that was going to come up for some reason. The way the system in reality operates, it's, you know, you were spot on. Authorizations... You had to lose the dissent. Exactly. But it was a very insightful dissent to changes that would be made to the act. You have a very intuitive argument here, and my esteemed colleague made a very eloquent dissent. But we still have this language, and you have Hollywood Casino. Well, look at it another way, too. What 8.7J is actually doing is pointing out that this penalty hasn't always been available. But if a respondent complies with this new tool that we're giving them for their toolkit, we're going to presume that now they're not going to face penalties, unless you can overcome that. Let me ask you a pointed question. If the legislature wanted penalties to go to the denial of the treatment, why couldn't they dissent? Why do we have to go through this deep reference to all of these lofty things that you're citing? Why didn't they just say it? I think it all starts with the treatment. If you don't... treatment is payment. There will never... would there ever be a situation where an insurance company would authorize the treatment and at the same time say, but we're not authorizing the payment on that treatment? I can't think of one. Well, maybe an insurance company, a worker's comp insurance carrier did not authorize payment, and the employee goes and collects on their health insurance. Now it's a battle as to whether it should have been paid or it shouldn't have been paid by the comp carrier. I agree, and that happens a lot. But I think the finer point is that the word authorization, the word authorization is speaking to both payment and treatment. But it doesn't say that. I mean, you can make that logical argument, but the statute doesn't say that. And I would ask the Court to see the logic in that. I think it speaks to common sense. I think it speaks to... Counsel, I don't think there's a single person up here that disputes that what you're saying probably should be the law. The question is, is it the law? I mean, we get to review constitutionality. We get to review a lot of things. We don't get to review dumbness and statutes because they left stuff out. You can find ambiguity there. Why? Refuses to authorize payment. Because payment and treatment are so intertwined, there is no dividing them. They are one and the same when it comes to... When the statute speaks to an employer denying or refusing to authorize, they're not talking about a denial of a claim altogether where the injured worker needs to go use his Blue Cross plan. They're talking about an employer who has a reason to deny a specific treatment or refuse to authorize that specific treatment for no good reason. That's where the problem is. It's in conjunction with the well-established law, but doesn't the law clearly say we are strictly construing statutes in accordance with the plain language? How do we depart from that and add into this exception that you admittedly are asking us to do in fairness and it has some appeal? How do we do that without departing from those well-set rules of statutory construction? Well, I think it's ambiguity through omission because I think it is so ingrained into our health care system. Do you have any cases about ambiguity through omission? No, I believe this is a case of first impression. It's like Catholic doctrine to me. Your Honor, the legislature didn't have the benefit of the Hollywood decision before they made this change to the act because this act occurred in 2011, the Hollywood decision came in 2012. If those two things would have been reversed, they may have read the Hollywood decision and they may have said, ah, they're right. We should put that word. We should have read his eloquent dissent, but we only did it. It came afterwards is what you're saying. Yes. Your dissent came first. But I think there's a compelling reason to read into 8.7J that not only is it available for failure to authorize, but because they're enacting 8.7J or 8.7 in general utilization review, they are giving the respondent an extra protection by providing this presumption of reasonableness when they do engage in utilization review and they do it proper. I think we understand the argument. Okay. So you may ask why we're talking about 19K penalties when 19L penalties are at issue. First of all, as you all know, the commission used the Hollywood case to overturn the arbitrator. So Hollywood did not talk about 19K or 19L, I'm sorry, at all. They only analyzed 19K. So I think it's appropriate to analyze the facts of the law in Hollywood and the law of 19K in order to get to the bottom of 19L. Now, we know from the McMahon court that 19K penalties are for unreasonable and vexatious behavior regarding delay, and they are appropriate when it is deliberate, done in bad faith, or for improper purpose. 19L penalties, on the other hand, are simply for delay with no adequate justification. Basically, 19L penalties are subsumed by 19K penalties. It would appear that 19L would be available any time that 19K is available, which means there will be times when 19L is available when 19K is not available. Therefore, I believe it is inappropriate to rely on the Hollywood decision to determine whether or not 19L penalties would be appropriate in a certain situation. Section 19L talks about benefits being withheld or refused, and they're talking about 8A and 8B benefits, being withheld or refused. It's not a failure to authorize situation, it's benefits being withheld or refused. And yes, these benefits are coming in the future, but the word refused implies that these benefits have never been given. So when would be the time to ask for penalties for this withholding and refusal? I mean, I suppose right now, since the commission ruled in our favor as far as causality and the need for medical treatment, we could go file another 19B asking for penalties for the delay that we suffered. But that undermines the whole point of the workers' comp system. We don't have discovery. That's to streamline the process. This is to get people, injured people, fixed and back to work in as inexpensive and timely a way as possible. And that would undermine that core tenet of workers' compensation. I would just ask that the court think about these issues and realize we have a chance to make the law a little more fair, make the playing field a little more level. Let's hold respondents accountable for their misdeeds like we do petitioners. Take these 2011 amendments into consideration. I think under the plain reading of the words, you can infer, you can read, that authorization of payment is specifically talking about payment and treatment. They're intertwined. It's 8A. It's provide and pay. So we ask this court to find that Hollywood does not apply to questions regarding 19L. And we ask you to find that these amendments do in fact change the law in Illinois. And without it, if you don't have any other questions... We do have time in our file. Okay. Thank you. Counsel, you may respond. Good morning. My name is Steve Wolf, and I represent the employer JGS Marine. May it please the court. Counsel. I quickly want to address a fundamental underpinning of this entire argument, and that is the conduct of the respondent in this case. And I'm not going to go into a great deal of detail because it's set forth in our brief, I think, quite specifically. But here's a case where the insurance company slash respondent accepted the compensability of this case, paid benefits, paid for medical treatment, authorized the surgery, subsequently discovered records that had never been revealed by the petitioner, and in those records found an entry where the petitioner refers to this injury being caused by something when he was in the service and had prior surgery on it. Now, the arbitrator and the commission refused to acknowledge what is plainly present in the records. And I want to emphasize, this is not about whether this case is compensable. The commission has ruled that, and subsequently the respondent has authorized the surgery and the surgery has been performed. What does whether the insurance company is a good guy or a bad guy have to do with statutory construction? Well, you know, what's being appealed here is the commission's refusal to award penalties. What's actually being appealed is the commission's reversing of the arbitrator's decision based on its reading of Hollywood and stating that the statute does not provide for the payment of penalties or fees by a simple refusal to authorize treatment as opposed to a refusal to make payment. I understand that's the primary issue, and I'm going to get to that in just a second. What I'm trying to point out, Your Honor, is that it is a necessary element of disappeal to determine that the respondent's conduct was indeed in bad faith and meritorious of penalties, and I suggest that it was not. Well, I understand, but I think Justice Hoffman honed the issue down for all counsel. That's what we as a reviewing court are limited to consider and to consider only. I mean, whether an actor is a good actor or a bad actor is not something that we take into consideration. It's not a court of equity, okay? And so what it is, I understand it's not a court of equity, but it's a counsel. If we were to agree with your opponent, we would merely send this back to the commission for the commission to decide whether you willfully violated or you didn't. We wouldn't decide it. I understand. Why are we talking about this? Is there anything in the record that made that finding? Yes. What was it? Well, it was a strong inference. Okay. So they're really? Yes. You are correct. Never was it said we have decided that penalties are awarded except we can't award them. Correct. I agree. So I will move on. I just wanted to address that issue because it's something that's troubled me greatly because I was the one that made the recommendation to reject the surgery in this case. And it's a fundamental part of the case that I had. But you did it on the basis of your reading of the law. And that's why you're up here arguing that that was correct reading. Well, I was doing it based on my factual impression of the records. Well. But I'll move on. The lawyer, you were doing that. I understand the Court wants to get to the heart of the issue here. Can you tell us why Hollywood Casino logic and reasoning applies or doesn't apply? It does. It does. And counsel's argument is primarily because 8.7J that was amended in 2011 somehow changes the law. And it doesn't. 8.7J is a section on utilization review. Utilization review is not an issue in this case. And as I point out in our brief, utilization review had nothing to do with the decision to revoke the authorization for surgery. The decision was based solely on this entry in the records about the Petitioner reporting that this injury had occurred during military service before he ever worked for the Respondent. So we didn't employ utilization review or Section 12 to get an independent medical examination because we weren't disputing that this surgery or this procedure may have been necessary. We were disputing its relationship to the occurrence of the issue. So 8.8 per 8.7J has nothing whatsoever to do with this case. Now, counsel needs to incorporate 8.7J into his argument because that's the only section that makes any reference whatsoever to potential penalties. But it's not applicable in this case. What's important in this case is 19L. We know it's clear that counsel has waived any argument that penalties under 19K should be awarded. He didn't appeal that. He admitted in his brief below that it had been waived. So we're talking about 19L penalties. And there's no authorization in the statute anywhere for 19L penalties, just like there's none for 19K. And Hollywood Casino is the law. It makes sense. I may agree under the right circumstances that penalties should be awarded for a refusal to authorize surgery, which don't exist in this case. But the statute doesn't allow it. It doesn't provide for it. And trying to read it into the statute is simply going too far. And trying to suggest that these amendments that took place in 2011, specifically under Utilization Review, somehow change the analysis is simply not the case. It doesn't. It doesn't change the analysis because this is not a Utilization Review case. I think the commission got it right. I think the circuit court got it right. Whether you agree with or like the decision in Hollywood Casino, I think that's the precedent that we have to deal with. Kennedy. If I seem a little harsh, wouldn't you have to admit it? As I said a moment ago, I may agree with you under the right set of circumstances that penalties should be awarded. Wait a minute. Hold on. Either the statute authorizes the penalties, or it doesn't, and it doesn't make any difference what the circumstances are. What does the statute say? It does not. Now, he's got a running he's got a run at Hollywood, because there's only two people up on this stage that concurred in the majority opinion of Hollywood. And there's one dissenter up here. There's two people who are not parties to the Hollywood decision. Now, I suppose you better start convincing those two people why they should go along with Hollywood and why they shouldn't go along with the dissenter. For the very reasons that the Court commented on during counsel's argument. It doesn't the statute the statute does not address penalties for authorization for medical treatment. It doesn't. And Hollywood Casino got it right. My comments weren't meant to be critical of Hollywood Casino. My comments were meant to be perhaps critical of the statute. Maybe the statute should be amended. But Hollywood's interpretation of the statute is correct. It doesn't authorize penalties. And the exact quote from Hollywood is, it's the function of the legislature, not the judiciary, to provide a penalty for those employers who unreasonably or vexatiously delay or refuse to authorize necessary medical expenses. It's all a question of what does the statute say. Payment. Payment of medical expenses. And the words payment and authorize are two very distinct principles. We're not talking about something that we refuse to pay. In fact, as I pointed out, if you look at the conduct of the respondent in this dispute, and that's why I wanted to discuss underlying facts at the beginning of my comments, because it's important when you look at the fact that the conduct in this case was pay, pay, pay, pay, pay, until there was a reasonable dispute, and there's nothing in the statute that says we should be penalized when we refuse to authorize something, despite the fact that we had authorized it up until up to a point. The statute just doesn't address it. And, again, my comments that perhaps it should be changed address exactly what the counsel was arguing, that maybe this legislature should change the statute. But the decision in Hollywood Casino properly interpreted the statute as it was written. And the amendment in 2007, 8.7J, has absolutely no help whatsoever because it's in a section that doesn't apply in this case. Thank you. Thank you, Your Honors. I'm not going to respond to any of the factual arguments. The reason why 8.7J applies in this case is because we don't read the Act piece-by-piece. We read the Act as a whole. 8A has its fingerprints all over the Act. We don't read that in isolation. It's the same with this. It shows a clear contemplation by the legislature to move the penalties, or actually not even to move them, to acknowledge that the penalties have always been available in their estimation, and create an extra protection for a respondent who decides to use this new tool they have outlined. When you read the Hollywood decision, what you get is this Court searched and scoured the Act, and we could not find the words failure to authorize printed anywhere in there. They're there now. It is up to you to do what you choose with that. Which I started you off on, it's the object of refuses to authorize that's confronting the Court and counsel in deciding the case. I think payment and treatment are synonymous. There will never be a payment without treatment. There will never be treatment without payment. It's the way our system works. Which, by the way, was exactly what analysis that was conducted in Hollywood. Payment is defined as the act of paying or giving compensation. The definition does not include the giving of authorization for a service. Which is why you look back to 8A and provide and pay. And provide certainly doesn't mean that the insurance company is going to actually take care of the care themselves. No, they're going to give you access to that care. We're not talking about insurance companies here. We're talking about employers. Employers who operate through insurance companies. I use insurance company and employer interchange. I think you should. Okay. Because the Act places the obligations on the insurance employers. It's the employers that go get an insurance company to do it for them. Sure. So would it be fair to say that you're reading compensation broadly to be more than just the act of money being expended? Absolutely. Compensation includes 8A benefits. And the compensation that the injured worker is getting compensated with is treatment. Right? He's getting repaired. He's getting the surgery he needs. He's not getting those funds directly. What he gets is TTD, PPD, what have you in the form of cash. Or treatment. The main benefit in workers' compensation is medical treatment. That's the whole purpose of the Act. Thank you. Thank you. Thank you, counsel, both for your answers in this matter this morning. We've taken your advice and a written disposition shall be issued.